United States District Court

Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 1 1 2024
AT____O'CLOCK____
John M. Domurad, Clerk   Syracuse

Plaintiff

Ellis Davon Dudley II

Civil case NO.

5:24-cv-48 (DNH|ML)

v.

Complaint

Defendant Governor Kathy Hochul of New York, New York State, Dr. James V. McDonald, Department of Health and Social Service, Randal B. Caldwell, Megan Johnson, Christina F. Dejoseph, Hiscock Legal Aid, Sandra Milner, Jeffrey A. Domachowski, Karen Stanislaus, Arlene Bradshaw, Julie A. Cecile, Onondaga County Sheriff, Patricia L. DeRue, Sue Ottaviano, Julie A. Cerio, David M. Primo, Martha E Mulroy, Michelle Pirro Baily, Unknown Katie Boyea

I, Ellis Davon Dudley II affirm I am the complaintant in this document and the statements within it is true and correct.

1. This is a jury demand to my complaint listed in this document. The United State District court for the Northern District of New York is the proper venue for this action because the constitutional violations were conducted in Onondaga County New York. No conduct has such an absolute privilege as to justify all possible schemes of which it may be part. The most innocent and constitutionally protected acts or omissions may be made a step in a criminal plot and if it is a step to a plot, neither its innocence nor the constitution is sufficient to prevent the punishment of the plot by law. (Aikens v. State of Wisconsin) This court shall have original jurisdiction under the Declaratory Act because these violations are immediate, real, and there are adverse legal interests for both parties. Without regard to the amount in controversy of any non jury action under international law, states are not immune from the jurisdiction of foreign courts insofar as to their commercial properties, for the satisfaction of judgment under the Foreign Sovereign Immunities Act 1976. Additionally States courts cannot preside over cases against state agencies involving federal law. This case centers upon the very cornerstone of our society; the family. The United Nation Universal Declaration on the Right of Child 1959 principle 3 declares a child shall be entitled from birth to a Name and Nationality and the Supreme Courts held parents have a due process right to a fundamentally fair procedure. (Lassiter v Department of Social Services)

2. Governor Kathy Hochul of New York State nominated Dr. James V. McDonald as the commissioner of the Department of Health in New York State. The Department of Health and Social Service Acknowledgement of Parentage form LDSS-5171 and an Order of Filiations filed by a Support Magistrate has violated my civil rights since birth on February 26, 1992. As well, my constitutional rights because Article 1 section 10 clauses 1, "No state shall pass any law impairing the obligation of contracts. The title IV-D program for support could be expanded across state territories to demand payments but was ruled that the program is equivalent to interstate commercial contracts. (US v. Sage)

3. New York Public Health Law PBH 4135-b governs the in-hospital administration of form LDSS-5171, an application belonging to the Office of Temporary and Disability Assistance; New York State Family Court Act 5-B section 580-402 allows for a state agency to determine paternity and issue support orders provides no alternative, a result of a slave ring, bypassed the elements of a lawful contract, and interfered with my religious belief. These procedures are fraudulent, misleading, and signed under duress as these procedures violate my right to self determination, and with that right, to self autonomy or self

government in matters relating to my own interest and affairs. The two orders have deprived me of life, liberty, and happiness under the color of law. As well infringed on my first amendment because complainant's money during his duration of life has been spent in support of speech and money can be protected as speech. (Citizen United v FEC)

4.      Form LDSS-5171 says, the completion of this form may establish custody and visitation rights and the other parent's name cannot be listed on the Certificate of birth unless the Acknowledgement of Paternity LDSS-5171 is signed. Also, may make an order of support which may be retroactive to the birth of the child if not signed. New York Family Court Act article 41 Public Health Law Section 4135 provides no alternative for a mother and father to declare a name as Section 4175 of New York Public Health Law threatens to prosecute physician and nurse to acquire such information. While the in hospital administration of form LDSS-5171 was a direct conveyance on my nationality, a civil gender discrimination form, and the resulted in the loss of nationality.

5.      For the purpose of naming minors, the color blue and pink will be used to identify the two children related to this complaint. On July 9, 2019 the complainant filed a petition of custody and visitation for blue child (one of two children) within Onondaga County Family Courthouse located at 401 Montgomery Street Syracuse New York. An Order of Custody and Visitation was entered and filed on March 18, 2021 presiding in front Onondaga County Supreme Court Justice Honorable Gerard J. Neri. The Attorneys working on the family filing case were paid attorney Stacey Balduff for the father, Joseph N. Bulko was appointed for the child, and Nicole E Talev represented Hiscock Legal Aid Society for the mother. As important this custody and visitation order detailed that the mother and father shall share joint legal custody, also ordered the mother and father shall share physical custody with blue child; and it is further as well as establishing uncontested parenting time for each mother and father with the duty to nurture and direct the upbringing of the child. Father paid medical expenses from a contract with a corporation related to payments for my personal care.

6.      April 30, 2021 a petition was filed for a matter of custody for the complainant's pink child (second child of two children) and a private DNA test result had been previously filed with this original petition acknowledging proof of biological relation. On June 22, 2021 Onondaga County Family Court attorney Megan Johnson conducted a virtual meeting call for the Onondaga County family Courthouse. Complainant had requested the courts assistance with establishing custody and visitation time; but was denied because Martha E. Mulroy, Michelle Pirro Bailey, Julie A Cecile, Julie A. Cerio, and Christina F. DeJoseph the Family Court Judges in Onondaga County were unavailable. On August 2nd, 2021 another virtual appearance was conducted by Onondaga County Family Court Judge Christina F. DeJoseph. The complainant raised the question about custody and visitation but was denied due to the mother having filed a petition in May of 2021 for the establishment of paternity. Public health law PBH 4135-b is misleading that the acknowledgement of paternity may be the basis for establishing custody or visitation rights to the child; Onondaga County Family Court Judge Christina F. DeJoseph insisted to postpone the custody and visitation hearing until after the administrative IV-D support hearing with Support Magistrate Jeffrey A. Domachowski.

7.      New York Family Court Act 5-B section 580-402 allows for a state agency to determine paternity and issue support orders which impaired my freedom to contract and restricts my economic rights that are fundamental. On November 16, 2021 a fraudulent and unconstitutional establishment of an order of filtration was filed by Support Magistrate Jeffery A. Domachowski while he converged sexual harassment questions in the administration of a IV-D support hearing at Onondaga County Family Courthouse, although Family Court Judge Christina F. DeJoseph previously had access to the records of a private DNA testing result that had been filed within 401 Montgomery St. Onondaga County Family Courthouse Syracuse, New York 13202. New York Family Court Act 439 is unconstitutional because any person before a Support Magistrate is in violation of an order and unjust action is being exercised by powers properly belonging to another branch. As Support Magistrate Jeffrey A. Domachowski did not disclose any enrollment into a program, or the terms of an oral or a written personal responsibility contract; he then attempted to establish a temporary IV-D order. The Onondaga County Family Courthouse was informed that the complainant's hourly rate was sixteen dollars and exercise visitation rights under a shared

custody agreement for another (blue) child. As well another custody hearing was scheduled the next day on November 17, 2021 for pink child.

8. On November 17, 2021 Judge Christina F. Dejoseph held a virtual appearance in the matter of custody at 401 Montgomery St. Syracuse, New York 13202 Onondaga County Family Courthouse. On that day the Onondaga County Family Courthouse refused to answer the teams meeting calls, as well the clerks representing Onondaga County Family Courthouse did not present an alternative way to appear. This was clearly a violation of my rights to enter the court and to practice law as an occupation of common rights (Sims v Ahems). The original petition for custody and visitation that had been filed by the complainant was dismissed. My first amendment has been violated because another religious belief was being forced to accept by myself and children.

9. Then on December 17, 2021 another virtual IV-D support court hearing was conducted by Support Magistrate Jeffrey A. Domachowski for the pink child. Onondaga County Family Courthouse was informed again that the complainant's blue child was being cared for jointly and an appeal filed for the previous order of dismissal on custody and visitation from court date November 17, 2021 with Family Court Judge Christina F. Dejoseph. Support Magistrate Jeffrey A. Domachowski started talking about how documents were not scanned in. A group of people together under commercial activity had conspired to violate complainant's constitutional rights revolving life, property, liberty, and freedom.

10. On January 12, 2022 Walter James Burkard attorney for the pink child emailed the complainant a Teams link to appear for the January 14, 2022 custody hearing held by Judge Christina F. DeJoseph. Complainant also appeared and requested the clerks personally hand over a notice to appear but Onondaga County Courthouse 401 Montgomery St Syracuse New York 13202 court clerks in room 130 refused to provide any documents for a way to appear. On January 14, 2022, David M. Primo Esq. is a Clerk of Court and the clerks are the gatekeepers of records and on this date the information received from Walter James Burkard did not work and the courthouse did not answer the phones for the complainant to represent himself for the second time. They conspired together to deny complainant access into the courtrooms to represent himself and failed to recognize parents enjoy the liberty", protected by due process," to raise their children and to establish a home and bring up children. (Meyer v Nebraska).

11. Support Magistrate Jeffery A. Domachowski then held a hearing on February 23, 2022. On this same day the complainant said on record about the custody held by Christina F. DeJoseph and how the clerks refused to grant access to the custody hearings. He proceeded to implement a program that is equivalent to interstate commercial contracts. At the end of the IV-D support hearing with Support Magistrate Jeffery A. Domachowski said the decision would arrive by mail. Once these forms were received through USPS, the Income Withholding Order was never signed by a judge and I was no longer secured in my persons, papers, or effects. A Income Withholding Order was forwarded to the Arc of Onondaga Corporation to seize my personal property from a private contract.

12. Arc of Onondaga Corporation continuously removed funds for a third party who was not a party to the contract and said under color of law the responsibility and rights are owed to the documents that arrived from the Onondaga County and New York State Child Support Agency or known as the Department of Health and Social Services. As these corporations started seizure of my property; complainant endured a loss of wages at $440 biweekly without consent and is still in possession of my property. Without just compensation for the payments these actions impoverished me and my family and caused my pain and suffering. They also forced me to become deprived of life and succumb to peonage. It also was a direct infringement on my ability to provide attorney fees.

13. On November 14, 2022 a petition was filed by the mother of blue child for a hearing IV-D support. A summons to appear virtually before the court with Support Magistrate Patricia L. DeRue in the matter of IV-D support on December 19, 2022 arrived via USPS mail. On December 19, 2022 the IV-D support representatives Support Magistrate Patricia L. DeRue in the Onondaga County Family Courthouse was again informed of the custody and visitation order on file for this child of joint share custody. There were

questions as to why needing to establish a support order as programs are already funded for needy children and low income families. Another IV-D Support hearing was scheduled on January 18, 2023. During the hearing complainant refused to disclose financial information; exercising the 5th Amendment to refuse to provide documents as there was no full disclosure to jurisdiction. Complantiant expressed freedom of privacy to papers and was told by Support Magistrate Patricia DeRue, Family Court 413 required anyone to forward such documents under the color of law. She then scheduled another hearing for February 15, 2023 and sent out a discovery order requesting the same information by February 7, 2023.

14.     On January 5, 2023 complainant filed for a modification for custody and a modification of support for pink child at the Onondaga County Family Courthouse located at 401 Montgomery St Syracuse New York 13202. Previous Support Magistrate Jeffery Domachowski ordered a payment of $280 biweekly and the Support Collection unit started taking $442 biweekly from my account without due process for pink child. At the virtual meeting on February 14, 2023 Support Magistrate Jeffery Domachowski was requested to grant a physical appearance to provide documents related to the actuations of the debt imposed and it was expressed that other Onondaga County Family Courthouse hearings were being conducted physically in the buildings referring to January 18, 2023 commercial activity of IV-D support hearing with Patricia L. DeRue Support Magistrate for Onondaga County Family Courthouse for complainer blue child. This request was denied while complainants express deprivation of life as to the family was struggling and that the income execution imposed was greater than the money received. Jeffery Domachowski refused to make any changes and dismissed the hearing. Support Magistrate Jeffery Domachowski has participated in a slavery ring and using his powers to intimidate and discourage complaint from appearing or filing other petitions. The Onondaga County Family Courthouse disconnected the phone communication.

15.     On February 15, 2023 without prior notice there was a custody hearing for blue child; and the court house called my cell phone about a petition filed November 14, 2022 to modify the custody and visitation order entered 3/18/21 of joint custody. Onondaga Family Court house informed all parties on the record that it was not a judge or court referrer present to conduct the court session. Complainant informed parties that the answering of a communication device does not compel someone to consent due to the court procedures with the delivering of summons. The response was "we expect in the near future." It was later realized Daniel DeBerjeois, Deputy Sheriff of Onondaga County Sheriff Office had made attempts to serve the complainant with a summons for the hearing date December 8, 2022.

16.     The Onondaga County Sheriff Office refused to identify the entity whom tasked there Onondaga County Sheriff Corporation with the job to service such notice for December 8, 2022 hearing. On March 20, 2023 Karen Stanislaus Onondaga County Family court referee conducted a custody and visitation hearing for complainant blue child. As the complainant was not present at the hearing a notice appointing Arlene Bradshaw, ESQ as attorney for the blue child arrived through USPS mail from the 401 Montgomery St Onondaga County Courthouse Syracuse New York 13202 signed by Karen Stanislaus after the March 20, 2023 hearing and scheduled another court hearing for April 17, 2023. Arlene Bradshaw's office refusing to respond or reply when complainant contacted them for information related to the family custody and visitation case.

17.     On April 11, 2023 Hiscock Legal Aid Society employee Kenny conducted a nail and mail service in relation to the upcoming April 17, 2023 custody hearing for blue child that both mother and father shared custodial rights. On April 17, 2023 complainant notified Onondaga County Family Courthouse to certify that all delivery methods had been exhausted by the other party and the nail and mail service was delivered correctly under New York State Law. The complainant did not appear at the April 17, 2023 and another hearing scheduled for May 25, 2023.

18.     Sue Ottaviano, Court Assistant called from 401 Montgomery St Syracuse New York 13202 the Onondaga County Family courthouse and postponed the February 15 2023 hearing of IV-D with Support Magistrate Patricia L. DeRue. on March 13, 2023. Support Magistrate Patricia L. DeRue held a hearing in the matter of IV-D Support within the Onondaga County Family Courthouse. On this date Patricia L.

DeRue was informed that complainant physically present in the meeting did not constitute consensual and any petition for blue child filed by either party shall be dismissed with a full discloser of information. Patricia L. DeRue refused the request to dismiss the petition and scheduled a support hearing for April 11, 2023 and said, "No reminder notice will be forwarded."

19.  On April 11, 2023 Support Magistrate Patricia L DeRue in the matter of IV-D support held a hearing and the complainant did not appear at this hearing. Then an order of support arrived via USPS from Onondaga County Family Courthouse and stated a payment of $140 weekly be paid for blue child. Although father and mother have equal custodial rights and it was noted that the child is not the mere creature of the state; those who nurture him and direct his destiny have the right, coupled with the high duty to recognize and prepare him for educational obligations. (Pierce V Society of Sisters) No alterations to Honorable Gerard J. Neri. custody and visitation order was directing otherwise.

20.  The Onondaga County and New York Collection Unit under the Department of health and Social Service was then requesting $280 additional payments totaling $440 biweekly for blue child. It also interfered with the access to healthcare that the complaint had already been providing for himself and the family by directing complainant to pay 55% of medical expenses to the Support Unit operating in the state separately.

21.  As directed on the form it said an objection to the order may be filed within the court and on May 8, 2023 the complainant filed an objection to the IV-D order to pay signed by Support Magistrate Patricia DeRue as well the affidavit of service was sent to the intended parties. On May 24, 2023 Family Court Judge Julie A. Cerio of the Onondaga County Family Courthouse replied saying the complainant was unable to object to the order and the proper remedy is to file a motion to vacate the order back in front of the Support Magistrate.

22.  On June 23, 2023 complainant filed a motion to vacate the IV order of support issued by Support Magistrate Patricia L DeRue for blue child, and the application demanded the applicant to explain why they did not appear at the hearing. The complainant expressed on the form that he is owed life, liberty, and happiness. David Primos Onondaga County Family Court clerk notified all parties that a IV-D support hearing was scheduled again with Support Magistrate Patricia L DeRue for July 20, 2023. Received via USPS mail by July 10, 2023 the Onondaga County Family Courthouse canceled the IV-support hearing saying, "The excusable absence was not good enough." As documents arrived via USPS from the Onondaga County Family Courthouse 401 Montgomery St Syracuse New York 13202 and The Department of Health and Social service; Office of Temporary and Disability Assistance; complainant noticed the alteration of his given Name under several variants being printed from the IV-support hearings.

23.  The Onondaga County Family Courthouse participated in a hearing to modify custody and visitation order for blue child on May 25, 2023 and complainant did not appear again. Later on July 21, 2023 Secretary Katie Boyea emailed Arlene Badshaw, and Hiscock legal Aid Society a new modified custody order signed by Onondaga County Family Court Judge Julie A. Cecile, but then on July 25, 2023 Onondaga County Family Courthouse received a corrected order of custody in part 4 by a representative of Hiscock Legal Aid Corporation. Then on July 31, 2023 Family Court State of New York Onondaga County filed and entered that same corrected custody order. Hiscock Legal Aid filed a correction to the custody order and on August 2, 2023 Julie A Cecile signed that order with no respect to keep my family together as a right.

24.  Complainant requested Onondaga County Family Courthouse for access to all exhibits and documents used to change the custody and visitation order dated July 31, 2023 from the original order dated March 18, 2021. The clerks of Onondaga County Family Courthouse refused to allow the freedom to access records as an affidavit for record request was sent on August 16, 2023 and complaint filed a record request for emails, exhibits, list representatives that was present at custody and visitation hearings, private meetings and to certify the attachments sent by Chet Gaj was the only available documents related to the full list of requests; as well other family matters.

25. A complaint was also filed with the Oneida County Family Courthouse. It was then noted on August 21, 2023 complainant filed a notice of complaint with Onondaga County Courthouse, Arlene Bradshaw, and Ryan M. Bergman Hiscock Legal Aid about blue child sustaining a broken arm under the care of mother after Family Court Judge Julie A Cecile authorized the modification to a custody and visitation order to satisfy the acceptance of payment for a private corporation overseen by the Department of Health and Human Service. On August 24, 2023 Hon. Randal B. Caldwell replied to the complaint saying the records requested were unable to be FOIL and the alternative is to order transcripts with certification fees.

26. This is my official notice of complaint about all known parties or entities involved in the Conspiracy to commit racketeering, Deprivation of rights under color of law, and violation of the Constitution, my first, second, fourth, fifth, seventh, eighth, thirteen, fourteen amendments. Prior to these actions complainant was financially able to provide the basic needs to maintain life and the damaging results made complainant unable to maintain the basic essential like a house he had purchased for his family. Complainant had been providing assistance to people with developing disabilities and these violations damaged the mental capacity of complainant's to maintain a social environment with others and with that psychologically damaged complaint that it's a crime to reproduce.

27. In addition these actions violate my equal protection clause of the fourteenth amendment because it infringed upon my fundamental right to have offspring as an attempt of sterilization through the method of impoverishing me with an excessive fine imposed and cruel and unusual punishment; as both Support Magistrate Patricia L DeRue and Support Magistrate Jeffery A. Domachowski IV-Support order uses the term," your chargeable. The complainant contracted with Arc of Onondaga Corporation and the current information for exchange of sixteen dollars ($16) an hour with a thirty seven hour work week; it is impossible to comply with the two IV-support orders to pay a agency for a third party. The orders to pay issued by Support Magistrate Patricia L DeRue demanded a payment of $140 weekly for blue child and Support Magistrate Jeffery A. Domachowski issued a demand for a payment of $290 biweekly for pink child. Each of these two IV-support orders were processed with Onondaga County Collection Unit and New York State Collection Unit directed by the Department of Health and Social Services; this private corporation expressed additional fees and issued new orders for both blue and pink child bringing each order to a total of $442 biweekly separately equal to $886 biweekly at minimum. At the same time denied the equal protection of the laws and used a contract to deny me and my family their nationality resulting in a loss of nationality. The amount of damages sought exceeds the jurisdiction limits of the lower courts which would otherwise have jurisdiction. This complaint shall contain a demand for relief in an amount of 20 million dollars or a full disclosure of all contract terms for a consideration to acceptance at the agreement of terms of competition. As well an immediate stop to the organization tasks with damaging and seizure my property.

This instrument contains 6 pages

Date: 1/11/24

_Ellis Davon Dudley II_
PO Box 7124
Syracuse New York 13261

New York state
Onondaga county

Before me _Rory Sweenie_ a notary public, personally appeared, _Ellis Davon Dudley II_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on this instrument the person, or the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal in the State and County aforesaid, this date

January 11, 2024

_Rory L Sween_
Notary Public

RORY L. SWEENIE
Notary Public, State of New York
No. 02SW6043742
Qualified in Onondaga County
Commission Expires May 08, 2027